UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMINE P. AMELIO,

        Plaintiff,

-against-

CECELIA G. MORRIS, *et al.*,

        Defendants.

19-CV-8696 (JPO)

ORDER OF DISMISSAL

J. PAUL OETKEN, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated his rights in a proceeding before Judge Cecelia G. Morris of the United States Bankruptcy Court for the Southern District of New York. He sues (1) Judge Morris; (2) Vito Gena, the Clerk for the Bankruptcy Court; (3) Deborah Piazza, the trustee appointed in his bankruptcy proceedings; (4) Tarter, Krinsky & Drogin LLP ("TKD"), Piazza's law firm; and (5) Scott Markowitz, (6) Michael Brownstein, and (7) Jill Makower, employees at TKD. Plaintiff invokes this Court's diversity jurisdiction. The parties appear to be diverse,[1] and the amount in controversy exceeds $75,000.

The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

---

[1] Plaintiff states that he is a resident of the State of Connecticut, although he provides a New York address.

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.  Judge Cecelia G. Morris and Vito Gena

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 20910 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

The doctrine of judicial immunity extends to nonjudicial officers who perform acts that are "functionally comparable to that of a judge" or "are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (internal quotation marks and citation omitted).

Plaintiff asserts claims against Judge Morris and Vito Gena regarding acts they performed in the context of Plaintiff's bankruptcy proceedings. This conduct is well within the scope of a judge's duties. Judge Morris and Vito Gena are therefore immune from suit under the doctrine of judicial immunity. Accordingly, the Court dismisses Plaintiff's claims against these defendants under the doctrine of judicial immunity and because these claims are frivolous. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

**B.     Piazza, Markowitz, Brownstein, Makower, and TKD**

Plaintiff brings claims against the court-appointed trustee in his bankruptcy proceedings, her law firm, and employees at the firm. But under the *Barton* doctrine, named for the Supreme Court decision, *Barton v. Barbour*, 104 U.S. 126 (1881), Plaintiff must first seek leave from the bankruptcy court before filing a lawsuit against the trustee. *See In re Lehal Realty Assocs.*, 101 F.3d 272, 276 (2d Cir. 1996) (noting that a bankruptcy trustee may be held personally liable for breaching her fiduciary duty, but only if the court that appoints that trustee provides leave "before a suit may go forward in another court against the trustee"); *see also In Re: J & S Properties, LLC*, 872 F.3d 138, 150 (3d Cir. 2017) (noting the '*Barton* doctrine,' applies to the present-day bankruptcy trustee"); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC*, 460 B.R. 106, 116 (Bankr. S.D.N.Y. 2011) (noting that the *Barton* "doctrine has become a black letter one: An unbroken line of cases . . . has imposed [the *Barton* doctrine] as a matter of federal common law") (internal quotation marks and citation omitted; alteration in the original), *aff'd*, 474 B.R. 76 (S.D.N.Y. 2012).

Because Plaintiff did not seek leave from the bankruptcy court to file suit against Piazza, Markowitz, Brownstein, Makower, and TKD, Plaintiff's claims against these defendants are

3

dismissed under the *Barton* doctrine for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see, e.g.*, *Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004) (affirming district court's decision dismissing action for lack of subject matter jurisdiction in action brought against trustee because the petitioner failed "to . . . obtain[ ] leave from the bankruptcy court to bring th[e] action in the [district] court").

**C.     Leave to Amend Futile**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff is unable to sue these defendants, the complaint cannot be cured with an amendment. The Court therefore denies Plaintiff's motion for an extension of time to file an amended complaint because leave to amend would be futile.

**D.     Warning**

Plaintiff filed a similar complaint against Judge Morris that Judge Román of this Court dismissed under the doctrine of judicial immunity. *See Amelio v. Morris*, ECF 7:19-CV-4488, 1 (S.D.N.Y. June 7, 2019). Plaintiff also has filed five bankruptcy appeals in this Court. In three of those proceedings, Judge Daniels affirmed Judge Morris's decisions. *See In re: Carmine P. Amelio*, ECF 1:18-CV-8769, 40 (S.D.N.Y. Aug. 29, 2019); *In re: Carmine P. Amelio*, ECF 1:18-CV-11420, 29 (S.D.N.Y. Aug. 29, 2019); *In re: Carmine P. Amelio*, ECF 1:19-CV-0314, 28 (S.D.N.Y. Aug. 29, 2019). The other two proceedings are still pending. *See In re: Carmine P. Amelio*, ECF 1:19-CV-7091, 1; *In re: Carmine P. Amelio*, ECF 1:19-CV-5944, 1.

In light of Plaintiff' previous lawsuit brought against Judge Morris, the Court finds that Plaintiff should have been aware of the doctrine of judicial immunity. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may

4

be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing any new civil actions in this Court that are collaterally related to his bankruptcy proceedings without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is hereby DISMISSED. Plaintiff's motion for an extension of time to file an amended complaint is DENIED.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 44–45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002, close the motion at Docket Number 4, and close the case.

SO ORDERED.

Dated: October 18, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*